```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Lynn A. Doles,                  :

      Plaintiff,           :

   v.                           :       Case No. 2:10-cv-521

Commissioner of Social          :       JUDGE JAMES L. GRAHAM
Security,                               Magistrate Judge Kemp

      Defendant.           :

## OPINION AND ORDER

On April 13, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the statement of errors filed by plaintiff Lynn A. Doles be overruled and that judgment be entered in favor of the defendant Commissioner of Social Security. That would result in the Court's affirming a final decision of the Commissioner denying plaintiff's applications for a period of disability and social security disability benefits and for supplemental security income. Plaintiff filed objections to the Report and Recommendation on April 19, 2011. The Commissioner has not filed a response. For the following reasons, the objections will be overruled and judgment will be entered in favor of the defendant.

I.

Plaintiff was, under Social Security regulations and up until her last insured date of December 31, 2008, a "younger individual" who has a high school education and had done some college work. She had been employed in the juvenile detention field and also as a counselor for sex offenders. She stopped working in 2004 due to medical problems. According to the Administrative Law Judge's decision, those problems included degenerative disc disease status post fusion at C5-7, depression, anxiety, fibromyalgia, and obesity. However, the ALJ found that

she had the physical ability to do sedentary work as long as the working environment did not entail a high amount of stress, and he found, consistent with a vocational expert's testimony, that she could do jobs such as cashier, general office clerk, and food and beverage order clerk.

In her objections, plaintiff does not take issue with the ALJ's evaluation of her physical capabilities.  Rather, she contends that his failure to find that she suffered from a somatoform disorder was prejudicial error, and that the conduct of the ALJ during the video hearing reinforces the notion that he was not able to arrive at an impartial decision on her claim.  The Court's review is limited to these specific objections.  Its review of the objections is *de novo*.  <u>Redding v. Commissioner of Social Sec.</u>, 2010 WL 3719265 (S.D. Ohio September 15, 2010) (Graham, J.).

II.

A somatoform disorder is described in Section 12.07 of the Listing of Impairments, as follows:

> 12.07 *Somatoform Disorders*.  Physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms.
>
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> A.   Medically documented by evidence of one of the following:
>
> 1. A history of multiple physical symptoms of several years duration, beginning before age 30, that have caused the individual to take medication frequently, see a physician often and alter life patterns significantly; or
>
> 2.   Persistent nonorganic disturbance of one or the folowing:
>    a.   Vison; or

```
        b.   Speech; or
        c.   Hearing; or
        d.   Use of a limb; or
        e.   Movement and its control ...; or
        f.   Sensation(e.g. diminished or heightened).

   3.   Unrealistic interpretation of physical signs
or sensations associated with the preoccupation or
belief that one has a serious disease or injury;

AND
   B.   Resulting in at least two of the following:

   1.   Marked restriction of activities of daily
living;
   2.   Marked difficulties in maintaining social
functioning;
   3.   Marked difficulties in maintaining
concentration, persistence, or pace; or
   4.   Repeated episodes of decompensation, each of
extended duration.
```

The ALJ did not find that plaintiff had a severe somatoform disorder. The ALJ who decided the case reached this conclusion despite the fact that a different ALJ had sought an opinion from a consultant, Dr. Snyder, who concluded that plaintiff's psychological impairments (including her somatoform disorder and her affective disorder) met the requirements of both Section 12.04 (which deals with affective disorders such as depression) and Section 12.07. Dr. Snyder stated that plaintiff had marked impairments both in her activities of daily living and in her ability to sustain concentration, persistence and pace. If the ALJ had adopted those findings, two of the four "B" criteria under Listing 12.07 (as well as under Listing 12.04, because the "B" criteria are the same for both of these sections) would have been present, and plaintiff would have been entitled to benefits. Instead, the ALJ found that plaintiff had only mild restrictions in her activities of daily living because she could clean, cook and shop, and that no mental status examination had shown that

she suffered from a marked impairment in concentration, persistence or pace.  Although he analyzed the issue solely under the Listing applicable to depression and did not find that plaintiff had a somatoform disorder, as noted, the criteria to be analyzed are the same for both.

The Report and Recommendation dealt with this issue by determining, first, that it may have been error for the ALJ to fail to find a severe somatoform disorder because, as plaintiff argued, virtually every treating source thought that her complaints of physical limitations were out of proportion to the medical findings and that she was unduly preoccupied with her physical condition, which are the hallmarks of a somatoform disorder.  Nonetheless, the Report and Recommendation recognized that "the more important question is whether [the ALJ's] conclusion that she had not satisfied the 'B' criteria - which apply equally to the condition he did recognize, depression, and the one he did not - finds substantial support in the record." Report and Recommendation, Doc. #21, at 10.  If the ALJ, who was required to take into account both severe and non-severe impairments, would have made the same finding even if he had recognized the somatoform disorder as severe, and if that finding had substantial support in the record, then any error in failing to identify the somatoform disorder as a separate impairment would indeed be harmless error.

In her objections, plaintiff advances several arguments why the ALJ was not entitled to find that Dr. Snyder's opinion could be discounted.  She notes that, contrary to the ALJ's and the Magistrate Judge's conclusion that Dr. Snyder did not cite any specific evidence in support of his opinion, he referred both to a report from Dr. Marrie and one from Dr. Freeman, the latter of who was plaintiff's pain management physician.  Apparently, she argues that the fact that Dr. Snyder did review other records

required the ALJ to accept his opinion as to her limitations.

The complete report from Dr. Marrie, which appears at Tr. 256-64, deals with an examination done in October, 2005, for purposes of evaluating whether plaintiff suffered from multiple sclerosis.  Dr. Marrie, who is not a psychologist or psychiatrist, specifically stated in her report that plaintiff's mental status was not formally assessed and that "there was no obvious evidence of cognitive dysfunction during the interview and examination."  (Tr. 259).  Dr. Marrie did not believe that plaintiff had MS, but she did recommend aggressive treatment for anxiety as well as a follow-up for gastroparesis, urinary retention, and visual complaints.  Nothing in her report addresses either activities of daily living or concentration, persistence, and pace, much less whether any deficits in those areas might be the result of a somatoform disorder or any other kind of psychological impairment.

Dr. Freeman, to whom Dr. Snyder also referred, commented in one of his examination notes that plaintiff had complaints of pain out of proportion to physical findings and that she had very poor coping strategies for dealing with pain.  (Tr. 331).  This is one of the records which should have led the ALJ to find that plaintiff had a severe somatoform disorder.  However, it, too, did not address any issues about either activities of daily living or problems with concentration, persistence and pace.  Dr. Snyder may have felt justified in reaching his conclusions about the extent of plaintiff's impairment from reviewing these records, but the ALJ was equally entitled to reject those conclusions both because the evidence relied on by Dr. Snyder appears insufficient to support his ultimate conclusions, and because there is other, contradictory evidence in the record which supported the ALJ's finding of a lesser degree of impairment.  Further, Dr. Snyder was not a treating or examining

source, and the ALJ was not required either to give controlling weight to his opinion or to articulate a specific rationale for rejecting it (nor does plaintiff base her argument on the failure to do so).  For these reasons, the Court, after reviewing the issue *de novo*, concludes that the ALJ's error in not characterizing plaintiff's somatoform disorder as severe was harmless.  If the ALJ had considered it to be a severe disorder, he would not have found that it limited plaintiff any more than her depression (which he did find to be severe) did, and he would not have concluded that she met the "B' criteria of Section 12.07 of the Listing of Impairments, because they are the same for both types of disorders.  He would also have found her able to do the jobs identified by the vocational expert, so that the failure to characterize the somatoform disorder as severe ultimately had no impact on the administrative decision.

The Court does, as reflected in the Report and Recommendation, share, to some extent, plaintiff's concern about the way in which the ALJ conducted the hearing.  However, plaintiff did not raise a specific issue about that in her statement of errors, nor has she argued it as an independent basis for reversal or remand.  The Court also agrees that it does not appear ultimately to have affected the ALJ's resolution of the case, which, as the Court has found, is based on substantial evidence in the record.  Because that is so, the Court must affirm the Commissioner's decision.  <u>Ealy v. Comm'r of Social Security</u>, 594 F.3d 504, 512 (6th Cir. 2010)

### III.

For all of these reasons, and after a *de novo* review of those portions of the Report and Recommendation to which plaintiff objected, the Court **OVERRULES** the objections (#22) and **ADOPTS AND AFFIRMS** the Report and Recommendation (#21).  The plaintiff's statement of specific errors (#14) is **OVERRULED** and

this case is **DISMISSED**.  The Clerk is directed to enter judgment in favor of the defendant.

**IT IS SO ORDERED.**

s/James L. Graham
JAMES L. GRAHAM
United States District Judge
